**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cassandra Oland, a married woman,<br><br>    Plaintiff,<br><br>v.<br><br>Forever Living Products International, incorporated, d/b/a Maughan Ranches; John Does I-V, Black Corporations I-V; and White Partnerships I-V,<br><br>    Defendants. | No. CV 09-8039-PHX-MHM<br><br>**ORDER** |

Currently before the Court is Defendant's Motion to Dismiss (Dkt.#9). Having considered this motion, the response, and the reply, the Court issues the following ruling.

**I.     Background**

Plaintiff, Ms. Oland alleges that she was illegally fired after becoming pregnant in violation of the Family Medical Leave Act (the "FMLA") (29 U.S.C. § 2601 et seq.) and the Pregnancy Discrimination Act (42 U.S.C. §§2000e et seq.). (Dkt.#1 at 4, 6) She also alleges sexual harassment in violation of Title VII. (Dkt.#1 at 5)

Apparently, Plaintiff worked for a business called "Maughan Ranches." She is attempting to sue Forever Living Products International Incorporated, d/b/a Maughan Ranches ("FLP"). However, Defendant FLP moves to dismiss on the ground that FLP did not employ Plaintiff. According to FLP, Plaintiff sued the wrong defendant. FLP explains that it provided administrative and accounting services to Plaintiff's actual employer, Aloe

Vera of America ("AVA"). It further explains that FLP is neither a parent nor a subsidiary of AVA. (Dkt. #9 at 4-5)

Plaintiff responds that FLP acted in the capacity of her employer or as the agent of her employer. She points to a letter that was written on FLP letterhead by the Benefits Specialist of FLP regarding her pregnancy: "When you are no longer able to work due to your medical condition, your employment will be terminated. When you are ready to return to work, you may re-apply for any open position for which you are qualified. We cannot guarantee, however, that your current position will remain available." (Dkt.#13 at 2) Plaintiff argues that a reasonable person could conclude from this statement that FLP was her employer, especially in light of FLP's admission that it provides administrative, payroll, human resources, and accounting services. She further notes that at no time did she ever receive any communication from AVA and was unaware that this entity was her employer (or even connected to her employer). On her EEOC charge, she listed Maughan Ranches in the space that was labeled "the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others." (Dkt.#9-1) Moreover, AVA and FLP apparently have the same statutory agent, the same domestic address, the same secretary, and the same president. (Dkt.#13 at 3) Finally, there are apparently over 30 entities on file with the Arizona Corporation Commission that are part of the Maughan corporate complex. Plaintiff argues that she should not be penalized "for a clerical error in attempting to untangle [them]." (Dkt.#13 at 3)

**II. Discussion**

Defendant FLP makes three arguments in favor of dismissal: (1) Plaintiff failed to exhaust her administrative remedies with regard to her sexual harassment claim because she did not make any allegations relating to sexual harassment in her EEOC Charge, (2) Plaintiff named the wrong defendant in this lawsuit, and (3) Plaintiff failed to state a claim for sexual harassment.

1         The first and third arguments are easily resolved; in Plaintiff's Response, she
2 "concedes to dismiss Count Two, Sexual Harassment." (Dkt.#13 at 2). Accordingly, Count
3 Two, Sexual Harassment, will be dismissed from this case.

4         However, the second argument, that Plaintiff named the wrong defendant in this
5 lawsuit, is more complex. This argument is made pursuant to Federal Rule of Civil
6 Procedure 12(b)(6). Rule 12(b)(6) motions test the sufficiency of a legal pleading;
7 accordingly, a 12(b)(6) motion may be granted only if the moving party demonstrates that
8 the plaintiff cannot prove any claim entitling him or her to relief. Navarro v. Block, 250 F.3d
9 729, 732 (9th Cir. 2001). In making this determination, the Court must take all allegations
10 of material fact as true and construe them in the light most favorable to the plaintiff. Parks
11 School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

12         When ruling on a Rule 12(b)(6) motion to dismiss, the Court must normally convert
13 the motion into a Rule 56 motion for summary judgment if it considers evidence outside the
14 pleadings. Fed. R. Civ. P. 12(d). "A court may, however, consider certain materials –
15 documents attached to the complaint, documents incorporated without reference to the
16 complaint, or matters of judicial notice – without converting the motion to dismiss into a
17 motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir.
18 2003). Here, the affidavits and corporate documents that the parties have submitted to this
19 Court were neither attached to the complaint nor subject to judicial notice. Given that both
20 parties have submitted such matters to the Court, they are on constructive notice of the
21 conversion. Accordingly, the motion to dismiss is hereby converted into a Rule 56 motion
22 for summary judgment.

23         A motion for summary judgment may be granted only if the evidence shows "that
24 there is no genuine issue as to any material fact and that the moving party is entitled to
25 judgment as a matter of law." FED. R. CIV. P. 56(c). The Court views the evidence in the
26 light most favorable to the nonmoving party and draws any reasonable inferences in the
27 nonmoving party's favor. See Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995),
28 *cert. denied*, 516 U.S. 1171 (1996). A material issue of fact is one that affects the outcome

1  of the litigation and requires a trial to resolve the differing versions of the truth. S.E.C. v.
2  Seaboard Corp., 677 F.2d 1301, 1305-06 (9th Cir. 1982). To defeat the motion, the non-
3  moving party must show that there are genuine factual issues "that properly can be resolved
4  only by a finder of fact because they may reasonably be resolved in favor of either party."
5  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Summary judgment is
6  appropriate against a party who "fails to make a showing sufficient to establish the existence
7  of an element essential to that party's case, and on which that party will bear the burden of
8  proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

9  Here, it appears undisputed that Plaintiff sued the wrong party. FLP has provided an
10 affidavit in which FLP's Director of Human Resources, Linda Hornbeck, stated, under the
11 penalty of perjury, that Plaintiff was not employed by FLP but by AVA. (Dkt.#9-2) Plaintiff
12 does not dispute this conclusion, but merely argues that her mistake was reasonable and that
13 she should not be penalized for this clerical error. (Dkt. #13 at 3) However reasonable her
14 mistake may have been, this does not change the apparently undisputed fact that FLP was not
15 her employer and thus cannot have violated the FMLA or Pregnancy Discrimination Act by
16 firing her. Accordingly, summary judgment is hereby granted in favor of FLP and FLP is
17 dismissed from the case.

18 Plaintiff moves to join AVA as a necessary and indispensable party under Rule 19(a).
19 However, Rule 19(a) is designed to preclude the possibility of inconsistent adjudications for
20 persons who have overlapping interests. Given that FLP is being dismissed from the case
21 as discussed above, a more appropriate procedural mechanism would be the amendment of
22 the complaint to include AVA under Rule 15. Accordingly, Plaintiff's request to join AVA
23 as a necessary party under Rule 19(a) is denied without prejudice to Plaintiff's amendment
24 of the complaint under Rule 15. However, any such amendment of the complaint must occur
25 within 30 days or this case will be dismissed.
26 / / /
27
28

**Accordingly,**

**IT IS HEREBY ORDERED** granting summary judgment in favor of FLP and dismissing FLP from this case (Dkt.#9).

**IT IS FURTHER ORDERED** dismissing Count 2, Sexual Harassment, from the Complaint.

**IT IS FURTHER ORDERED** denying Plaintiff's request to join AVA as a necessary and indispensable party under Rule 19 without prejudice to Plaintiff's ability to amend the complaint under Rule 15 no later than 30 days from the date of this order.

DATED this 13th day of December, 2009.

_____
Mary H. Murguia
United States District Judge